# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 228

In the Matter of the Application for
Disciplinary Action Against Kristin
A. Overboe, A Person Admitted to the
Bar of the State of North Dakota

---------------

Disciplinary Board of the Supreme Court
of the State of North Dakota,                                    Petitioner

     v.

Kristin A. Overboe,                                              Respondent

## No. 20220352

APPLICATION FOR INTERIM SUSPENSION

INTERIM SUSPENSION ORDERED

**Per Curiam.**

[¶1]   On December 5, 2022, an Application for Interim Suspension of Kristin A. Overboe, a member of the Bar of North Dakota, with Affidavit of Assistant Disciplinary Counsel and supporting documents, was filed under N.D.R. Lawyer Discipl. 3.4, Threat of Public Harm. Kristin A. Overboe was admitted to practice law on September 24, 2010, and is currently licensed to practice law in the courts of North Dakota.

[¶2]   The application states that the documents submitted establish grounds to believe that Overboe has been experiencing a gradual, yet consistent,

1

degeneration of her mental health. Further, that the degeneration has reached a point where it is the belief of the Office of Disciplinary Counsel that Overboe can no longer competently represent her clients and poses an imminent threat to their interests and any potential future clients. Attached to the application was a petition for rehearing submitted in Buchholz v. Overboe, Supreme Court No. 20220113; a Declaration of Kristin Overboe filed in Buchholz v. Overboe, No 02-2020-DM-00102 dated March 1, 2022; a Responsive Declaration of Kristin Overboe filed in Buchholz v. Overboe, No 02-2020-DM-00102 dated March 14, 2022; and a Petition for discipline in 6772-SE-2207. In each document, Overboe discusses her own mental health issues.

[¶3] The petition for discipline states Overboe represented a client in a family law matter. The petition alleges Overboe failed to comply with discovery, resulting in her being prohibited from entering evidence and questioning the opposing party on certain issues. The petition also alleges Overboe was unprepared for trial. The petition alleges Overboe's conduct injured the client. The petition alleges Overboe failed to communicate with the client. The petition alleges Overboe informed the client she was withdrawing and would not file an appeal, but did later file a notice of appeal. The petition alleges Overboe has failed to provide the client with her file. The petition alleges Overboe's conduct violated N.D.R. Prof. Conduct 1.1, 1.2, 1.4, 1.16, and 3.4.

[¶4] Under N.D.R. Lawyer Discipl. 3.4(B), Threat of Public Harm, the court may enter an interim order at any stage of any proceeding immediately suspending the lawyer pending final disposition of the proceeding predicated upon the conduct causing the harm or may order such other action as deemed appropriate. This rule also provides that upon request by counsel or the lawyer after entry of an interim suspension order, the court shall within ten days provide an opportunity for the lawyer to demonstrate that the order should not remain in force.

[¶5] Overboe was given until December 13, 2022, to file a response, and the parties were given until December 13, 2022, to request a hearing on the petition. On December 8, 2022, Overboe responded, "I really don't want to do

this. I'm too tired. You guys can just suspend me." No requests for a hearing on the petition were received. The Court considered the matter, and

[¶6] **ORDERED** that Kristin A. Overboe's license to practice law is SUSPENDED effective immediately, and until further order of this Court, pending final disposition of the disciplinary proceedings predicated upon the complaint filed.

[¶7] **IT IS FURTHER ORDERED** that Overboe comply with N.D.R. Lawyer Discipl. 6.3, Notice of Status.

[¶8]  Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte

[¶9] The Honorable Gerald W. VandeWalle, Justice, was unavoidably absent and did not participate in the decision.