# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 160

In the Matter of the Application for
Disciplinary Action Against Kristin A.
Overboe, a Person Previously Admitted to
the Bar of the State of North Dakota

----------

Disciplinary Board of the Supreme Court
of the State of North Dakota,                                    Petitioner

     v.

Kristin A. Overboe,                                                  Respondent

## No. 20230090

Application for disciplinary action.

SUSPENSION ORDERED.

Per Curiam.

**Per Curiam**

[¶1]   The Supreme Court has before it a report from a hearing panel of the disciplinary board recommending Kristin A. Overboe be suspended from the practice of law in North Dakota and pay $250 in costs and expenses of the disciplinary proceeding. We adopt the hearing panel's findings and recommended sanctions and order suspension.

[¶2]   Overboe was admitted to practice law in North Dakota on September 23, 2010. Overboe's license was interim suspended pending final disposition of this disciplinary matter. *See Disciplinary Bd. v. Overboe*, 2022 ND 146, 982 N.W.2d 843.

[¶3]   On December 19, 2023, Overboe was served with a summons and petition for discipline. Overboe failed to answer the petition and Disciplinary Counsel moved for default. Overboe is in default and the charges in the amended petition for discipline are deemed admitted under N.D.R. Lawyer Discipl. 3.1(E)(2).

[¶4]   On March 30, 2023, the hearing panel filed default findings of fact, conclusions of law, and recommendations for discipline. The hearing panel found that Overboe was retained in January 2021 to represent a client in a divorce matter. Overboe failed to properly communicate with the client. Overboe failed to serve completed discovery answers on the opposing party, which led to a prohibition on introducing certain evidence and testimony at trial. She was not prepared for trial and the client's position was damaged. The trial judge negatively critiqued Overboe. She failed to provide the client with a copy of the decision following trial.

[¶5]   In June of 2022, Overboe notified the client she was withdrawing as her counsel and would not be filing an appeal. She did not withdraw, and without client authorization, on July 22, 2022, filed a notice of appeal on the client's behalf. The client then terminated Overboe. Despite requests from the client, Overboe failed to return the client's documents.

[¶6] The hearing panel concluded Overboe's conduct violated N.D.R.Prof. Conduct 1.1, Competence, by failing to utilize methods of competent practitioners and be sufficiently prepared to represent the client; Rule 1.2, Scope of Representation and Allocation of Authority Between Client and Lawyer, by failing to abide by the client's wishes and by engaging in unauthorized actions on behalf of the client; Rule 1.4, Communication, by failing to make reasonable efforts to keep her client informed as to the status of the matter and comply with her client's reasonable requests for information; Rule 1.16, Declining or Terminating Representation, by failing to surrender papers and property to which her client was entitled; and Rule 3.4, Fairness to Opposing Party and Counsel, by failing to make a reasonably diligent effort to comply with a legally proper discovery request of opposing counsel. The hearing panel recommended Overboe be suspended for six months and one day and pay costs and expenses of the disciplinary proceedings.

[¶7] The hearing panel's report was served on Overboe and disciplinary counsel on April 6, 2023, and forwarded to the Supreme Court. Objections were due within 20 days of service of the report. No objections were received, and the matter was submitted to the Court for consideration.

[¶8] IT IS ORDERED that the findings of fact, conclusions of law, and recommendations by the hearing panel are accepted.

[¶9] IT IS ORDERED that Kristin A. Overboe is SUSPENDED from the practice of law for six months and one day, effective immediately.

[¶10] IT IS FURTHER ORDERED that Overboe pay the costs and expenses of these disciplinary proceedings in the amount of $250, payable to the Secretary of the Disciplinary Board, 600 East Boulevard Avenue, Dept. 180, Bismarck, North Dakota 58505-0530, within 30 days of entry of judgment.

[¶11] IT IS FURTHER ORDERED that for any amounts already paid by the North Dakota Client Protection Fund on Overboe's behalf, she make restitution within 90 days of entry of the judgment in this matter. For any amounts relating to this matter paid in the future by the North Dakota Client

2

Protection Fund, Overboe make restitution to the Fund within 90 days of receiving notice payment was made.

[¶12] IT IS FURTHER ORDERED that Overboe comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶13] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr