FILED
IN THE OFFICE OF THE
CLERK OF THE SUPREME COURT
DECEMBER 1, 2023
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2023 ND 229

In the Matter of the Application for

Disciplinary Action Against Kristin A.

Overboe, a person admitted to the Bar of

the State of North Dakota

----------

Disciplinary Board of the Supreme Court

of the State of North Dakota,                                    Petitioner

      v.

Kristin A. Overboe,                                             Respondent

### No. 20230352

Application for disciplinary action.

TRANSFER TO INCAPACITY TO PRACTICE LAW STATUS

Per Curiam.

[¶1]   The Supreme Court has before it a report from a hearing panel of the disciplinary board recommending Kristin A. Overboe be transferred to incapacitated status under N.D.R. Lawyer Discipl. 5.1(C). We adopt the hearing panel's findings and order Overboe be transferred to incapacitated status.

[¶2]   Overboe was admitted to practice law in North Dakota on September 24, 2010. Overboe's license was suspended on August 17, 2023, for six months and one day for violating N.D.R.Prof. Conduct Rule 1.1, Rule 1.2, Rule 1.4, Rule

1

1.16, and Rule 3.4. *See Disciplinary Bd. v. Overboe*, 2023 ND 160. Overboe practiced law at Overboe Law in Fargo, North Dakota.

[¶3] Overboe failed to answer the petition and Disciplinary Counsel moved for default. Overboe is in default and the charges in the petition for incapacity are deemed admitted under N.D.R. Lawyer Discipl. 3.1(E)(2).

[¶4] On October 10, 2023, the hearing panel filed findings of fact, conclusions of law, and recommendations for discipline.

[¶5] The hearing panel concluded Overboe's conduct demonstrates the presence of a mental condition that adversely affects her ability to practice law.

[¶6] In November of 2022, Overboe interacted with the Clerk of the North Dakota Supreme Court in the form of electronic communications from Overboe to the Clerk's personal cell phone. The Clerk had not previously provided Overboe her personal phone number, nor did they have a personal relationship prior to or since these interactions. The Clerk felt the communications were unprofessional and inappropriate, and when Overboe was confronted, Overboe admitted she was intoxicated when she sent the communications.

[¶7] Overboe had a second interaction with the Clerk similar to the first, ten days later. Overboe again admitted to being intoxicated and expressed problems with her mental clarity. A short time later, Overboe interacted with the Clerk in an odd and unprofessional manner.

[¶8] The hearing panel concluded Overboe's communications and attitude demonstrated a likely substance abuse disorder, coupled with an underlying mental illness, rendered Overboe unable to competently serve her clients and presented a danger to the public and profession.

[¶9] Shortly after Overboe's interactions with the Clerk, Overboe submitted filings in her personal divorce that she had "been seeing and hearing things that could be considered delusional. I have been told that I am delusional. I have been diagnosed with PTSD according to my therapist…My mental illness has made it difficult for me to do basic math." Additionally, Overboe advanced

rumors and allegations of inappropriate relationships between members of the North Dakota State Bar and inappropriate relationships between her husband and his attorneys.

[¶10] The hearing panel concluded Overboe's actions demonstrate the presence of a mental condition, which adversely affects her ability to practice law; Overboe is incapacitated as contemplated by N.D.R. Lawyer Discipl. Rule 5.1(C); and Overboe needs to be transferred to incapacitated status in order to protect the public and the profession.

[¶11] On October 13, 2023, this matter was referred to this Court under N.D.R. Lawyer Discipl. 3.1(F)(2). The hearing panel's report was served on the Clerk of the Supreme Court and disciplinary counsel on October 10 2023, and forwarded to the Supreme Court. Objections were due within 20 days of service of the report. No objections were received, and the matter was submitted to the Court for consideration. The Court considered the matter, and

[¶12] IT IS ORDERED that as outlined above, the findings of fact, conclusions of law, and recommendations by the hearing panel are accepted.

[¶13] IT IS FURTHER ORDERED that Kristin A. Overboe is placed on incapacity inactive status under N.D.R. Lawyer Discipl. 5.1(C) until further order of the Court.

[¶14] IT IS FURTHER ORDERED that Disciplinary Counsel promptly apply to the district court for a professional trustee as provided in N.D.R. Lawyer Discipl. 6.4.

[¶15] IT IS FURTHER ORDERED that Overboe comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶16] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr